IN THE MATTER OF THE APPLICATION OF JOSEPH MATHEWS, GENERAL GUARDIAN OF MARY JANE MATHEWS, A MINOR.

*Special guardian, for sale of infant's real estate — fees and commissions of, are to be determined by the court.*

There is no statute providing for the commissions to be paid to special guardians appointed in proceedings to sell infant's real estate, or fixing the costs and expenses which may be allowed in conducting the same, or the fees of the attorney or referee. All the costs and allowances which can be charged upon the fund are within the discretion of the court, and are fixed and provided for in the rules of the court.

APPEAL from an order made at Special Term in this proceeding to sell the real estate of a minor over fourteen years of age, fixing the compensation of the special guardian at $100, and refusing him an allowance, as commissions, as provided by statute in cases of executors.

The infant had a general guardian who joined in the petition asking for leave to sell. The proceeds of the sale amounted to $27,000. Twelve thousand dollars thereof was paid over in cash and the balance was secured by bond and mortgage running to the special guardian. In the order confirming the sale the special guardian was ordered to pay the expenses of the proceedings, the same being determined in the order, and pay over the balance to the general guardian, and also to assign to him the bond and mortgage. The special guardian claims the further sum of $445 as commissions. After the order confirming the sale and making the allowance of $100 to the special guardian was made and entered he made a special application to the court for an allowance of the commissions claimed, which was denied, and the appeal is from that order.

*John Chetwood,* for special guardian, appellant.

*C. N. Bovee, Jr.* (*Arnoux, Ritch & Woodward*), for general guardian, respondent.

Barker, J.:

The special guardian bases his claim for further allowance and commissions on the provision of the twenty-second section of chapter 8, part 2, title 3 of the Revised Statutes (2 R. S., 153), which is as follows: "Guardians shall be allowed for their reasonable expenses, and the same rate of compensation for their services as is provided by law for executors." The title in which this provision is found relates to the mode and manner of the appointment of testamentary and general guardians; the nature and character of their powers and duties over the person and estate of their wards; the security which they shall give for the proper discharge of their duties; the compensation which they shall have for their services, and naming the tribunals before which they may be summoned to account, and under what circumstances they may be discharged or removed from their trusts. It seems manifest that these provisions have no application whatever to special guardians, either as defining their duties and powers or as determining the compensation which they shall receive for their services. The character of the services rendered by testamentary and general guardians are very similar in most instances, so much so as to properly admit of a fixed statutory compensation, thereby depriving the guardian of all opportunity of overreaching or imposing on his ward as to his fees and commissions.

There is no statute providing for commissions to be paid to special guardians appointed in proceedings to sell infants' real estate. Nor is there any fixing the cost and expenses which may be allowed in conducting the same, and no provision is made for attorney's fees or the expenses of a reference. All the costs and allowances which can be charged upon the fund are within the discretion of the court and are fixed and provided for in the standing rules. From the time the proceedings are initiated for the purpose of securing a sale of infant's real estate he is made the ward of the court, and the proceeds of the sale are under its care and protection. (Code of Civil Pro., § 2360.)

The special guardian who is to represent the infant is named by the court to do such services and make such inquiries as may be required of him, and he has no other duty to perform. He is entitled to such compensation for his services as the court may deem

reasonable. (Rule 50.) In this respect he stands in the same relation to the court as special guardians who are appointed in actions and other proceedings.

In view of the services rendered by the appellant in these proceedings we think the learned justice who made the order gave the special guardian a fair and reasonable allowance.

The order appealed from is affirmed ; no costs awarded.

BRADY, P. J., and DANIELS, J., concurred.

Order affirmed, without costs.